Stork Restaurant, Inc., Respondent, v. Louis Fernandez, as President of Chefs, Cooks, Pastry Cooks and Assistants, Local 89, Hotel and Restaurant Employees Union, AFL — CIO, et al., Appellants.

First Department, March 4, 1957.

*Sidney E. Cohn* of counsel (*Benjamin D. Stein* and *Jerome B. Lurie* with him on the brief; *Boudin, Cohn & Glickstein,* attorneys), for Local 89; *Pinto & Stein,* attorneys, for Local 1, appellants.

*Jacob Mandelbaum* of counsel (*Mandelbaum & Chassen,* attorneys), for respondent.

*Per Curiam.* In an action to enjoin permanently picketing of the plaintiff's place of business, the defendants appeal from an order enjoining such picketing during the pendency of this action and until such time as the New York State Labor Relations Board finally determines plaintiff's petitions heretofore filed with said board (which conceivably may be beyond the date of trial) and denying defendants' cross motions to dismiss the amended complaint pursuant to rule 106 of the Rules of Civil Practice. Plaintiff operates a restaurant in the borough of Manhattan, city and State of New York, known as the Stork Club. The defendants are voluntary unincorporated associations claiming to represent plaintiff's employees. The picketing complained of commenced on January 8, 1957. Prior thereto and on January 5, 1957, one of plaintiff's employees had been discharged. Thereafter, three other employees of the plaintiff were discharged. The defendants allege they represent 80 of plaintiff's 98 employees. Defendants also allege that the picketing is for the following purposes: (1) to compel plaintiff to comply with its legal obligation to recognize and bargain with the union; (2) to protest against alleged discriminatory discharges based on union activities, which the defendants claim were for organizational purposes; and (3) to secure increased compensation, a reduced work week and certain fringe benefits. (Picketing for organizational purposes and to protest unfair labor practices has been sustained in *Wood* v. *O'Grady,* 307 N. Y. 532.) The plaintiff, on the other hand, contends that the defendants' objective is to compel the plaintiff to recognize the defendants as the collective bargaining agents of its employees and to require plaintiff to negotiate for a collective bargaining agreement, without first establishing that the defendants are the representatives of the employees; hence that the defendants are seeking to coerce a recognition, contrary to the provisions of the New York State Labor Relations Act.

All of the pickets are employees of the plaintiff. For the purpose of this application plaintiff concedes there has been no violence. There remains therefore the question whether the temporary injunction is warranted by allegations of fact in respect of the defendants' lack of representation of plaintiff's employees.

The affidavits submitted by the defendants establish prima facie their representation of the majority of plaintiff's employees. Nothing to the contrary has been submitted by the plaintiff. Paragraph 9 of the amended complaint simply states the conclusion that "in the absence of a showing that a union represents a majority of the affected employees in an appropriate bargaining unit, an employer may not enter into a collective bargaining agreement". The amended complaint fails to allege facts tending to establish any dispute as to representation. Furthermore, it does not appear that any union other than the defendants asserts representation of plaintiff's employees.

Plaintiff argues that since the matter of certification is now pending before the State Labor Relations Board all picketing activity should be enjoined until the board determines whether, in fact, the unions are the duly authorized bargaining agents of a majority of the employees. It is the plaintiff's further contention that if it enters into a contract with the unions herein and subsequently the board finds that the said unions did not, in fact, represent the employees, the plaintiff might then be guilty of unfair labor practices and is in a position of having to act at its peril. Plaintiff relies on *Goodwins, Inc.* v. *Hagedorn* (303 N. Y. 300). Although it is true that in the *Goodwins* case the court did hold that an injunction was properly granted while a certification proceeding was pending before the National Labor Relations Board, the facts therein are dissimilar from those presented by this record. In the *Goodwins* case the employees of the plaintiff employer were not on strike. No employees of the plaintiff were involved therein. In addition, there were two rival unions involved, both of which claimed to represent the employees of the plaintiff. To resolve the adverse claims as to representation, a proceeding for certification was instituted before the National Labor Relations Board. Pending the proceeding an injunction was sought restraining picketing. Here the unions claim to represent 80 of plaintiff's 98 employees and the employees themselves are picketing the plaintiff's premises. Plaintiff states that these facts are unimportant, absent an official certification of the unions by the State Labor Relations Board. The affidavits submitted by the unions show

prima facie that they are authorized to represent a majority of plaintiff's employees. In the *Goodwins* case the employer was exposed to the claims of two rival unions, each claiming to represent the majority of its employees, and it was unable, without exposing itself to charges of unfair labor practices, to determine which union was the bona fide representative of the employees. Under the facts of *Goodwins,* the sole recourse of the employer was to abide the certification of the bargaining representative by the National Labor Relations Board. In view of the representation claimed by the defendants, verification of which under the circumstances of this case was possible on the part of the employer plaintiff. and in the absence of any claim of representation on the part of any other union, it was possible for the plaintiff to deal with the defendants without being exposed to the hazards of a charge for unlawful labor practices, which the plaintiff in the *Goodwins* case was unable to do. This case does not present an attempt to coerce the plaintiff (*Mayer* v. *Fernandez,* 286 App. Div. 805) ; contrariwise, plaintiff seeks to ignore the cogent claims of representation made by defendants.

The weakness of the plaintiff's position herein is further indicated by a reading of section 713 of the New York State Labor Relations Act (Labor Law, art. 20), which reads: '' Nothing in this article shall be construed so as to interfere with, impede or diminish in any way the right of employees to strike or engage in other lawful, concerted activities.'' A reading of the above section leads to the inescapable conclusion that the Legislature intended to preserve the right to strike or picket where there is no substantial dispute as to representation. The *Goodwins* case cannot be said to hold that the New York State Labor Relations Act impliedly requires a suspension of picketing simply because a proceeding is pending before the board regardless of its merits. If the plaintiff's position is sound, then an employer can obtain a restraining order against picketing by the mere filing of an application for certification with the State Labor Relations Board. Such a result is clearly not within the ambit of the New York State Labor Relations Act. The other cases cited by plaintiff do not appear to be sufficiently similar in fact to constitute authority for the proposition advanced by plaintiff. In the case at bar plaintiff's affidavits and amended complaint fail to allege facts from which the existence of any bona fide dispute as to representation may be gathered.

The complaint on its face is sufficient to withstand a motion under rule 106 of the Rules of Civil Practice to dismiss because

of insufficiency by reason of its allegations relating to violence and other illegal acts.

Accordingly, the order appealed from should be modified by striking therefrom the last decretal paragraph which granted the injunction, and otherwise affirmed, with costs to appellants.

PECK, P. J., RABIN, FRANK, McNALLY and BERGAN, JJ., concur.

Order unanimously modified by striking therefrom the last decretal paragraph which granted the injunction and, as so modified, affirmed, with $20 costs and disbursements to the appellants.